John A. **SOBRATO** and Carl E. **Berg,** **Individually and d/b/a Sobrato–Berg Properties, Plaintiffs–Appellants,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant–Appellee.**

**No. 78–2570.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 1980.

Decided Oct. 14, 1980.

Peter L. Spinetta, argued, Bell, Rosenberg, Spinetta & Randick & O'Dea, Oak-

land, Cal., Richard T. Tarrant, Nelson, Boyd, MacDonald & Tarrant, San Rafael, Cal., for plaintiffs–appellants.

Robert M. Westberg, argued, Reginald D. Steer, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant–appellee.

Before WRIGHT and POOLE, Circuit Judges, and CRAIG,* District Judge.

POOLE, Circuit Judge.

Appellants appeal from an order and judgment dismissing their complaint on grounds that its allegations of violations of federal antitrust laws and pendent state antitrust tort violations failed to state claims upon which relief can be granted.

The allegations of the federal antitrust claim failed to establish the requisites of an illegal tying arrangement as set forth in *Moore v. Jas. H. Matthews & Co.,* 550 F.2d 1207, 1212 (9th Cir. 1977). Most significantly, the complaint did not allege the existence of a tying arrangement in fact, *i. e.,* an "agreement by a party to sell one product but only on the condition that the buyer also purchase a different (or tied) product, or at least agrees that he will not purchase that product from any other supplier." *Northern Pacific Ry. Co. v. United States,* 356 U.S. 1, 5–6, 78 S.Ct. 514, 518, 2 L.Ed.2d 545 (1958). It did not allege that Prudential tried to tie together the sale of land and improvements to *them,* or that Prudential required Ford to take the two as a package. In fact, the complaint recited that Ford *sought* such a package and did not charge that Ford involuntarily agreed to lease the improvements from Prudential in order to get the land. The alleged arrangement thus lacks the involuntariness or coercion which is essential to the existence of a tie–in. See *Times–Picayune Publishing Co. v. United States,* 345 U.S. 594, 605,

73 S.Ct. 872, 878, 97 L.Ed. 1277 (1953); *Moore, supra,* 550 F.2d at 1217.

Moreover, the land and improvements were not distinct products in the situation alleged here. There was a single market for an improved commercial site, with one buyer (Ford) in that market. Prudential merely competed in this market by directly offering Ford what it wanted. There was no use of economic power in one market to restrict competition on the merits in another. *Northern Pacific, supra,* 356 U.S. at 11, 78 S.Ct. at 521; *Moore, supra,* 550 F.2d at 1212. For the same reason, appellants suffered no *antitrust* injury as a result of Prudential's alleged conduct.

Appellants argue that a landowner with a site suitable for a particular development is required to offer the site to other developers instead of itself developing the land for sale or lease to the ultimate consumer. Their tying claim is thus distinguishable from *Northern Pacific, supra, Moore, supra,* and other land tie–in cases which they cite, and it is not supported by antitrust precedents.

At oral argument, appellants conceded that their appeal depended entirely upon a finding of a tie–in. In any event, we find without merit the other federal claim of attempt to monopolize under the Sherman Act, 15 U.S.C. § 2, and likewise affirm the dismissal of the pendent claims of violation of California antitrust laws (Cartwright Act), Cal.Bus. & Prof.Code § 16700 *et seq.,* and tortious interference with appellants' prospective advantageous economic relationship with Ford under California law.

The judgment of the district court is AFFIRMED.

---

* The Honorable Walter Early Craig, Senior United States District Judge for the District of Arizona, sitting by designation.